H. S. GOLIGHTLY ET AL. v. J. T. IRVINE.

(No. 3602.)

APPEAL from Ellis County.   Opinion by WHITE, P. J.

W. H. FEARS, counsel for appellants.

No counsel appeared for appellee.

§ **181.** *Appeal; affidavit in forma pauperis in lieu of bond, held insufficient.*   This case originated in a justice's court, and was thence appealed to the county court, and was filed in said last court in December, 1888.   Several continuances were had until the October term, 1889, at which term appellee filed a motion to dismiss the appeal

for informality and defects in the affidavit made *in forma pauperis* in lieu of an appeal bond. The motion was sustained and the appeal dismissed, and from that judgment appellants prosecute an appeal to this court. After giving the style, etc., of the case, the affidavit *in forma pauperis* is as follows, viz.: "And now comes H. S. Golightly and H. S. Golightly, Jr., and in open court make application to the county court of Ellis county, and each, upon oath, says that they are unable to pay the costs," and then come the signatures. This affidavit is clearly insufficient, under the statute which requires that appellant shall make oath that he "is unable to pay the costs of appeal, or give security therefor." [R. S., art. 1401; 1 Civil Cas. Ct. App., §§ 632, 743, 1073.] But it is insisted that the motion to dismiss came too late, and that the defects in the affidavit will be considered as having been waived. An affidavit not in conformity with the statute will not perfect the appeal. [Authorities *supra*.] It cannot give the county court jurisdiction of the appeal, and want of jurisdiction is fatal at any time, and cannot be cured by waiver or consent of parties. [2 Civil Cas. Ct. App., § 37.] There was no error in dismissing the appeal.

December 6, 1890.                              Affirmed.